Christine T. Greenwood (8187)
greenwood@mgpclaw.com
**MAGLEBY & GREENWOOD, P.C.**
170 South Main Street, Suite 850
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

John R. Crossan (admitted *pro hac vice*)
jrc@crossaniplaw.com
**CROSSAN IP LAW, LLC**
70 W. Madison St., #5050
Chicago, IL 60602-4214
Telephone: 312.602.1071
Facsimile: 312.264.0770

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **PAUL FIELDS, a citizen of the United Kingdom,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**OGIO INTERNATIONAL, INC., a Utah Corporation,**<br><br>**Defendant.** | **PLAINTIFF'S ANSWER TO COUNTERCLAIM**<br><br>**Civil No. 2:10-cv-169**<br><br>**Honorable Judge Clark Waddoups** |

Plaintiff Paul Fields ("Plaintiff" or "Fields") for his Answer to Defendant's Counterclaim, timely states as follows:

1. Admits the allegations of paragraph 1.

2. Admits the allegations of paragraph 2.

3. Admits the allegations of paragraph 3.

4. Fields is without sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies the same.

5. Fields is without sufficient knowledge to admit or deny the allegations of paragraph 5 and therefore denies the same.

6. Fields is without sufficient knowledge to admit or deny the allegations of paragraph 6 and therefore denies the same.

7. Fields cannot admit or deny the allegations of paragraph 7 as the phrasing is unclear. Fields is without knowledge of what is intended to be asserted and so generally denies same.

8. Fields cannot admit or deny the allegations of paragraph 8 as the phrasing is unclear. Fields is without knowledge of what is intended to be asserted and so generally denies same.

9. Admitted that the ‘669 UK device patent was published as indicated and that Fields did not apply for US or other patent rights outside the UK. Denied that the ‘669 UK patent discloses the method of using the device there disclosed and denied that the patent disclosed the second form of the device that Fields also disclosed to Ogio. Fields denies any and all remaining allegations of paragraph 9.

10. Admitted.

11. Admitted that Ogio’s representatives were initially enthusiastic about Fields’s disclosures, but denied that the quotation of the telephone message is accurate or complete in any way pertinent to Fields’s claim. Fields is without sufficient knowledge to admit or deny any remaining allegations of paragraph 11 and therefore denies the same.

12. Denied that "some significant difficulties" existed or could be found in the Fields golf yoke device as submitted and that any prevented the Fields device from "function[ing] well" in Ogio's golf market. Denied particularly that the Fields system would allow carrying the bag solely across the back of the user, preventing the user's accessing the bag while carrying it or allowing the user to pass through narrow areas (see, e.g., Fig. 1B of the '669 UK patent). Denied that carrying the golf bag across the back is objectionable to the approximately 95% of golfers with stand bags now using the dual strap carrying system. Fields is without sufficient knowledge to admit or deny any remaining allegations of paragraph 12 and therefore denies the same.

13. Denied that the Fields devices were functionally similar to existing yokes or offered no advantage over previous devices, such as "straight to two" shoulder carrying, first disclosed confidentially by Fields to Ogio in 2000 and not disclosed in Fields's '669 UK patent.

14. Denied that Fields's devices did not function suitably. Fields is without sufficient knowledge to admit or deny any remaining allegations of paragraph 14 and therefore denies the same.

15. Admitted that Ogio personnel were "spurred" in large part by Fields's disclosure of his Golf Yoke invention, featuring for the first time a rigid, one- / two-shoulder carrying system for a golf bag; but denied that Ogio's personnel's thinking "began" only after determining not to continue working with Fields but to claim the invention for themselves. Fields is without sufficient knowledge to admit or deny any remaining allegations of paragraph 15 and therefore denies the same.

16. Denied that the second form of the Fields device, as disclosed to Ogio, had no "transitioning arm" usable as a handle for manipulating the device; Fields's device indeed was symmetrical, with a transitioning arm on both sides for easy manipulation, straight to one or to two shoulder carrying, and for switching directly between one- and two-shoulder carrying, by both right- and left-handed golfers. Fields is without sufficient knowledge to admit or deny any remaining allegations of paragraph 16 and therefore denies the same.

17. Admitted that Ogio's first commercial Shling device had its straps disadvantageously in different positions than Fields's disclosed second form of Golf Yoke (requiring the user of the Shling system to hold the clubs and/or the bottom of the bag to maintain the bag in a stable position while walking), but denied that the different positions are "more natural in golfing" or in any respect superior to the Fields devices. Admitted that Fields's straps in the form disclosed are attached behind the user when the device is on both shoulders, but denied that a user of the disclosed Fields device must remove the bag from the one-shoulder carrying position (easily reached from the two-shoulder position) to access clubs and other bag contents. Fields denies any and all remaining allegations of paragraph 17.

18. Admitted that Fields was not named as an inventor on the Ogio patents. Fields denies any and all remaining allegations of paragraph 18.

19. Admitted that Ogio cited mere existence of the '669 UK patent to the US Patent Office examiner in the applications for the '691 structure patent and the '443 method patent, as shown on the cover page of that first patent and on the second page of the second, '443 patent. Denied that Ogio made sufficient disclosure to the Patent Office of the particular significance of

the content of the ‘669 Fields UK patent, and denied that Ogio cited to the US Patent Office the second form of Fields’s invention and its method of use as disclosed by Fields to Ogio in 2000.

20. Fields is without sufficient knowledge to admit or deny the allegations of paragraph 20 and therefore denies the same.

21. Admitted that a press release was issued for or by Plaintiff in 2004, but denied that the facts stated were disparaging, untrue, or slanderous. Denied that Ogio’s Shling did not infringe the ‘669 UK patent. Admitted that Ogio offered and then too quickly withdrew its inquiry as to obtaining a license under Fields’s’669 UK patent. Fields is without knowledge of any opinion of non-infringement received by Ogio as to the Shling as against the‘669 UK patent and so denies the same. Fields admits that Ogio threatened legal action against him in the UK, but denies that any such action could be justified and notes that none ever was filed.

22. Denied.

23. Denied, as the ‘691 patent that Ogio obtained and owns has claims that read on Fields’s Golf Yoke or Golf Bone devices, although Fields’s devices have not been released commercially in the USA and so no infringement charge is apt. Fields denies any and all remaining allegations of paragraph 23, including in particular the allegation that his devices have not been received well by those inspecting them.

24. Fields is without sufficient knowledge to admit or deny the allegations of paragraph 24 and therefore denies the same.

25. Fields responds as above to the allegations of paragraphs 1-22.

26. Denied.

27. Denied.

28. Fields responds as above to the allegations of paragraphs 1-25.

29. Denied.

30. Denied.

31. Fields responds as above to the allegations of paragraphs 1-28.

32. Denied.

33. Fields responds as above to the allegations of paragraphs 1-30.

34. Denied.

**FIRST DEFENSE**
**(Failure to State a Claim Upon Which Relief May Be Granted)**

Defendants' claims fail, in whole or in part, to state a claim upon which relief may be granted.

**SECOND DEFENSE**
**(Unclean Hands)**

Defendants' claims are barred, in whole or in part, by the doctrine of unclean hands.

**THIRD DEFENSE**
**(Causation)**

Defendants' claims are barred, in whole or in part, by reason of the fact that if Defendants suffered any injury or damages, that any such injury or damage was caused in whole or in part by the acts, omissions, and/or conduct of Defendants.

**FOURTH DEFENSE**
**(Additional Defenses)**

Fields reserves the right to raise additional defenses not known at this time, but which may become known during the course of discovery, investigation, or trial.

WHEREFORE, Plaintiff and Counterclaim Defendant Paul Fields prays that the claims of Defendant Ogio International be denied in each and all their parts, that Defendant and Counterclaim Plaintiff take nothing, and that Plaintiff be awarded his reasonable attorney fees and costs of this action as permitted by law.

DATED this 8th day of April, 2010.

**MAGLEBY & GREENWOOD, P.C.**

______________________________
Christine T. Greenwood

**CROSSAN IP LAW, LLC**

__/JRCrossan/______________________
John R. Crossan

Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of April, 2010, the foregoing PLAINTIFF'S ANSWER TO COUNTERCLAIM was electronically filed with the Clerk of the Court using the CM/ECF system, which is sending notification of such filing to the following counsel for Defendant:

Gregory S. Moesinger
Michael F. Krieger
Adam D. Stevens
KIRTON & McCONKIE
1800 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111

_______________________