| | |
|---|---|
| Christine T. Greenwood (8187) | John R. Crossan (admitted *pro hac vice*) |
| greenwood@mgpclaw.com | jrc@crossaniplaw.com |
| **MAGLEBY & GREENWOOD, P.C.** | **CROSSAN IP LAW, LLC** |
| 170 South Main Street, Suite 850 | 70 W. Madison St., #5050 |
| Salt Lake City, Utah 84101-3605 | Chicago, IL 60602-4214 |
| Telephone: 801.359.9000 | Telephone: 312.602.1071 |
| Facsimile: 801.359.9011 | Facsimile:  312.264.0110 |

Attorneys for Plaintiff

___

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PAUL FIELDS**, a citizen of the United Kingdom,<br><br>Plaintiff,<br><br>v.<br><br>**OGIO INTERNATIONAL, INC.**, a Utah Corporation,<br><br>Defendant. | **SCHEDULING ORDER  AND ORDER VACATING HEARING**<br><br><br><br><br><br>**Civil No. 2:10-CV-169-CW**<br><br>**Honorable Clark Waddoups** |

Pursuant to Fed.R. Civ P. 16(b), the Magistrate Judge[i] received the Attorneys' Planning Report filed by counsel (docket #16). The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

IT IS ORDERED that the Initial Pretrial Hearing set for June 16, 2010, at 11:30 a.m. is VACATED.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

| | | |
|---|---|---|
| **1.** | **PRELIMINARY MATTERS** | **DATE** |
| | Nature of claims and any affirmative defenses: | |
| a. | Was Rule 26(f)(1) Conference held? | 5/06/10 |

|  |    |                                                                                              |            |
|--|----|----------------------------------------------------------------------------------------------|------------|
|  | b. | Has Attorney Planning Meeting Form been submitted?                                           | 5/07/10    |
|  | c. | Was 26(a)(1) initial disclosure completed?                                                   | 5/21/10    |
| 2. |  | **DISCOVERY LIMITATIONS**                                                                  | **NUMBER** |
|  | a. | Maximum Number of Depositions by Plaintiff(s)                                                | 7          |
|  | b. | Maximum Number of Depositions by Defendant(s)                                                | 7          |
|  | c. | Maximum Number of Hours for Each Deposition (unless extended by agreement of parties)        | 8          |
|  | d. | Maximum Interrogatories by any Party to any Party                                            | 20         |
|  | e. | Maximum requests for admissions by any Party to any Party                                    | 20         |
|  | f. | Maximum requests for production by any Party to any Party                                    | 50         |
| 3. |  | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[ii]                                               | **DATE**   |
|  | a. | Last Day to File Motion to Amend Pleadings                                                   |            |
|  |    | Plaintiff:                                                                                    | 5/31/10    |
|  |    | Defendant:                                                                                    | 6/15/10    |
|  | b. | Last Day to File Motion to Add Parties                                                       |            |
|  |    | Plaintiff:                                                                                    | 5/31/10    |
|  |    | Defendant:                                                                                    | 6/15/10    |
| 4. |  | **RULE 26(a)(2) REPORTS FROM EXPERTS**[iii]                                                 | **DATE**   |
|  | a. | Plaintiff                                                                                     | 2/1/11     |
|  | b. | Defendant                                                                                     | 3/1/11     |
|  | c. | Counter reports                                                                               | 3/22/11    |
| 5. |  | **OTHER DEADLINES**                                                                         | **DATE**   |
|  | a. | Discovery to be completed by:                                                                |            |
|  |    | Fact discovery                                                                                | 11/1/10    |
|  |    | Expert discovery                                                                              | 2/15/11    |
|  | b. | Deadline for filing dispositive or potentially dispositive motions                           | 3/11/11    |

| | | | | |
|---|---|---|---|---|
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Referral to Court-Annexed Mediation: | Yes | |
| | b. | Referral to Court-Annexed Arbitration | No | |
| | c. | Evaluate case for Settlement/ADR on | | <u>4/1/11</u> |
| | d. | Settlement probability: | Fair | |

| | | | | | |
|---|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | | **TIME** | **DATE** |
| | a. | Rule 26(a)(3) Pretrial Disclosures[iv] | | | |
| | | Plaintiff | | | <u>06/17/11</u> |
| | | Defendant | | | <u>07/01/11</u> |
| | b. | Objections to Rule 26(a)(3) Disclosures (if different than 14 days provided in Rule) | | | Per Rule |
| | c. | Special Attorney Conference[v] on or before | | | <u>07/15/11</u> |
| | d. | Settlement Conference[vi] on or before | | | <u>07/15/11</u> |
| | e. | Final Pretrial Conference | | 2:30 p.m.. | <u>08/01/11</u> |
| | f. | Trial | <u>Length</u> | | |
| | | i. Bench Trial | <u># days</u> | ___:__ _.m. | <u>00/00/00</u> |
| | | ii. Jury Trial | <u>3 days</u> | 8:30 a.m. | <u>08/15/11</u> |

3

8. **OTHER MATTERS**

   Counsel should contact chambers staff of the District Judge regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial conference.

May 22, 2010.

BY THE COURT:

_____
David Nuffer
U.S. Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **SCHEDULING ORDER** was delivered to the following this 10th day of May 2010:

[X]   Electronic Mail (as indicated below):

   Gregory S. Moesinger
     gmoesinger@kmclaw.com
   Michael F. Krieger
     mkrieger@kmclaw.com
   Adam D. Stevens
     astevens@kmclaw.com
   KIRTON & MCCONKIE
   1800 Eagle Gate Tower
   60 East South Temple
   Salt Lake City, Utah 84111

*Attorneys for Defendant Ogio International, Inc.*

_____
For Plaintiff

---

[i] The Magistrate Judge completed Initial Pretrial Scheduling under DUCivR 16-1(b) and DUCivR 72-2(a)(5).  The name of the Magistrate Judge who completed this order should NOT appear on the caption of future pleadings, unless the case is separately assigned or referred to that Magistrate Judge.

[ii] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[iii] A party shall disclose the identity of each testifying expert and the subject of each such expert's testimony at least 60 days before the deadline for expert reports from that party.  This disclosure shall be made even if the testifying expert is an employee from whom a report is not required.

[iv] Any demonstrative exhibits or animations must be disclosed and exchanged with the 26(a)(3) disclosures.

[v] The Special Attorneys Conference does not involve the Court.  Counsel will agree on voir dire questions, jury instructions, a pre-trial order and discuss the presentation of the case.  Witnesses will be scheduled to avoid gaps and disruptions.  Exhibits will be marked in a way that does not result in duplication of documents.  Any special equipment or courtroom arrangement requirements will be included in the pre-trial order.

[vi] The Settlement Conference does not involve the Court unless a separate order is entered.  Counsel must ensure that a person or representative with full settlement authority or otherwise authorized to make decisions regarding settlement is available in person or by telephone during the Settlement Conference.